1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  JULIO A. HERNANDEZ, State Bar No. 260508
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone:  (916) 210-6238
6   Fax:  (916) 322-8288
    E-mail:  Julio.Hernandez@doj.ca.gov
7  *Attorneys for Defendant Jessica Youngsmith*

8

9                IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14  **GALMAL SOLOMAN,**                      Case No. 2:24-cv-03408-DJC-AC

                                  Plaintiff,
15                                            **NOTICE OF MOTION AND MOTION
                                              TO DISMISS; MEMORANDUM OF
16      v.                                    POINTS AND AUTHORITIES IN
                                              SUPPORT**
17  **JUDGE BARBARA M. SCHEPER, JUDGE**
    **BRENDA J. PENNY, JUDGE KAREN E.**       Date:       February 26, 2025
18  **SCOTT, JUDGE ELWOOD LUI, JUDGE**        Time:       10:00 a.m.
    **THEODORE HOWARD, JUDGE**                Courtroom:  26, 8th Flr.
19  **MATTHEW L. TAYLOR, JUDGE**              Judge:      The Honorable Allison Claire
    **SIDNEY THOMAS, JUDGE JOHNNIE**
20  **RAWLINGSON, JUDGE DANIEL P.**           Trial Date:    TBA
    **COLLINS, JUDGE PATRICIA**               Action Filed:  October 4, 2024
21  **GUERRERO, JUDGE TANI CANTIL-**
    **SAKAUYE, Ronald Appel, Esq., Jeremy**
22  **Ibrahim, Esq, George Halimi, Esq., Michael**
    **Obrand, Esq., Jesse David Obrand, Esq.,**
23  **Michael F. Obrand, Esq., Claudia Munoz,**
    **Esq., James R. Stout, Esq., Barry Ross,**
24  **Esq., Todd E. Chvat, Esq., Howard D. Hall,**
    **Esq., Kasandra C. Goldberg, Esq., Jessica**
25  **Youngsmith, Esq., Hugh John Gibson, Esq.,**
    **Brian Andrew Paino, Esq., Dhruy M.**
26  **Sharma, Esq., Amber A. Logan, Esq., Elise**
    **Hyon Hur, Esq., Rina Michelle**
27  **Mathevosian, Esq., Robert June-YongIM,**
    **Esq., Lenny Ross, Jeannie Cross, Julie**
28  **Mitsos, Chris Mitsos, Joyce Caplan, Jan**

                                           1

| | |
|---|---|
| 1 | **Caplan, Elen Model, Alex Villaneuva, Brad Sherwin, Rob Bonta, Molly C. Dwyer,** |
| 2 | **Grace Santos, Mary Harvey, Brandon L. Hensen, Lori Pickrell, N. Sharma, Daniel P.** |
| 3 | **Potter, Adelina Palencia-Huerta, S. Hill, C. Sanchez, S. Vivas, Charles Schwab, Warren** |
| 4 | **Buffet, JP Morgan Chase Bank, Donald Steele,** |
| 5 | |
| 6 | Defendants. |

**TO PLAINTIFF, IN PRO PER:**

**PLEASE TAKE NOTICE** that on February 26, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom No. 26, 8th Flr., of the above-entitled court, located 501 I Street, Sacramento, California, Defendant Jessica Youngsmith, moves for an order dismissing Plaintiff Gamal Soloman's complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that:

1. The complaint fails to state a cognizable cause of action;

2. The complaint's cited Federal Criminal Statutes and Regulation do not authorize a private right of action;

3. The state law causes of action against Defendant Youngsmith are barred because Plaintiff Solomon failed to file a California government claim;

4. The complaint fails to state facts to warrant imposition of punitive damages.

Defendant Youngsmith's motion is based upon this Notice of Motion, Motion, and Memorandum of Points and Authorities, the supporting Request for Judicial Notice, all papers and pleadings on file in this matter, and such oral and written material as may be presented at the hearing of this motion, or any other additional evidence as may be considered at the hearing.

Accordingly, Defendant Youngsmith requests that the Court grant this motion and dismiss this action without leave to amend.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: December 30, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | CATHERINE WOODBRIDGE<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | /s/ Julio A. Hernandez |
| 6 | | JULIO A. HERNANDEZ<br>Deputy Attorney General<br>*Attorneys for Defendant Jessica Youngsmith* |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Gamal Solomon's complaint fails to plead any factual allegations against moving Defendant Jessica Youngsmith and is confusing and makes little sense. The complaint fails to establish any cognizable cause of action against Defendant Youngsmith. Rather the bulk of the complaint is a list of federal statutes with no connection to any conduct by Defendant Youngsmith. Defendant Youngsmith is left guessing at what causes of action, if any, are alleged against her. Furthermore, Plaintiff failed to comply with the California Government Claims Act, barring any state law causes of action. Thus, the complaint warrants dismissal without leave to amend.

## II. FACTS

Plaintiff's complaint is divided into two parts, the first is the purported "causes of action" and the second is what appears to be exhibits to the main document, beginning at ECF 1-1, p. 18.

The first section of the complaint appears to allege the following statutes or regulation as the "causes of action" (listed in complaint order):

| Statute/Regulation | Title of Statute | Complaint Location |
|---|---|---|
| 18 U.S.C. §4 | Misprision of Felony | ¶4, ECF 1-1, p. 4; ¶9, ECF 1-1, p. 14 |
| 28 U.S.C. ____ | *Unspecified section* | ¶3, ECF 1-1, p. 6 |
| 2 [sic] C.F.R. 2635.101 | Basic obligation of public service. | ¶6, ECF 1-1, p. 6; ¶6(h)(2)(i), ECF 1-1, p. 12 |
| 36 U.S.C. §70503 (c) | Federal Bar Association - Membership – Grounds for Disqualification | ¶6(h), ECF 1-1, p. 10 |
| 18 U.S.C. §3 | Accessory after the fact | ¶9, ECF 1-1, p. 14 |
| 18 U.S.C. §2382 | Misprision of treason | ¶9, ECF 1-1, p. 14 |

1  Additionally, there appears to be a cause of action for "dereliction of duty" (Complaint ¶6(c).
2  ECF 1-1, p. 8.) and "gross negligence." (*Id.*, ¶6(d). ECF 1-1, p. 8.) Plaintiff appears to seek
3  punitive damages. (*Id.* ¶6(e)., ECF 1-1, p. 10.) Moreover the "Conclusion" section alleges that
4  this Court has a "pre-plan on how the court has already decided this case to cover up its own
5  misconduct to extort this party in violations of ethics and your own oath of office" and alleges
6  that a "crime is being reported." (*Id.*, ECF 1-1, p. 14.) There are no facts asserted or alleged
7  against moving Defendant Youngsmith. (*Id.*, ECF 1-1, pp. 2-14.)

8  The second section of the complaint, which appears to be exhibits, is further divided into
9  two components: The first component consists of a series of eleven documents entitled "Criminal
10 Complaint Notice of Felony" that name numerous defendants, list numerous criminal statutes,
11 and mention 42 U.S.C. §§ 1983 & 1988; none of these documents name moving Defendant
12 Youngsmith. (ECF 1-1, at pp. 18, 41, 64, 87, 110, 113, 156, 179, 202, 225, 248.). The second
13 component consists of a document entitled "Duty to Report Such Actions." This document list
14 numerous criminal statutes, including disloyalty, insurrection, treason, and rebellion. (See ECF 1-
15 1, pp. 280, 283, 285.) Defendant Youngsmith is mentioned once in this component. (ECF 1-1, p.
16 276.) There are no facts asserted or alleged against moving Defendant Youngsmith in this second
17 component. (ECF 1-1, pp. 271-287.)

18 Finally, several Federal Tort Claims Act claims are included with the complaint. (ECF 1-1,
19 p. 288-295.) None of the federal claims mention Defendant Youngsmith. (*Ibid.*) Additionally,
20 plaintiff does not allege compliance with the California Government Claims Act, nor file the
21 required state government claim. (Complaint, ECF 1-1, Request for Judicial Notice, Exhibit A.)

22 **III.   LEGAL STANDARD FOR MOTION TO DISMISS PURSUANT RULE 12(B)(6).**

23 Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a defendant may move to
24 dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A
25 complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a
26 cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v.*
27 *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also *Mendiondo v.*
28 *Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6)

1  is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to
2  support a cognizable legal theory.").

3  Under this standard, "a complaint must contain sufficient factual matter, accepted as true"
4  and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is
5  plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp.*, 550 U.S.
6  at 570). This does not require "detailed factual allegations," but it does require "more than an
7  unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. The court must construe the
8  complaint in the light most favorable to the plaintiff. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896
9  (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion
10 amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80
11 F.3d 336, 337–38 (9th Cir. 1996). The Court does not, however, "accept as true allegations that
12 are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*,
13 266 F.3d at 988.

14 However, the court is not required to accept as true legal conclusions couched as factual
15 allegations. *Ashcroft*, 556 U.S. at 678. In evaluating a complaint against a motion to dismiss,
16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
17 statements, do not suffice." *Id*.

18 As discuss below, the complaint fails to state a cognizable cause action against Defendant
19 Youngsmith.

20 **IV.  THE COMPLAINT FAILS TO STATE A VIABLE CAUSE OF ACTION BECAUSE IT IS
        DEVOID OF ANY FACTUAL ALLEGATIONS AGAINST DEFENDANT YOUNGSMITH AND
21      DOES NOT COMPORT WITH FEDERAL RULES OF CIVIL PROCEDURE, RULE 8.**

22 Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and
23 plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).
24 While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege
25 factual allegations to provide "fair notice" of both the particular claim being asserted and "the
26 grounds upon which [the particular claim] rests." *Bell Atlantic Corp.*, 550 U.S. at 555 & n.3
27 (citation and quotation marks omitted). To comply with Rule 8, Plaintiffs must provide a short
28 and plain statement of the elements of their claims, identifying the transaction or occurrence

giving rise to the claim(s), and the elements of the prima facie case. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000). If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

Moreover, each claim and the facts supporting each claim should be set forth in a separate count, because a separation "facilitates the clear presentation of the matters set forth." *Bautista,* 216 F.3d. at 841; Fed. R. Civ. P. 10(b). This is important because, as it currently stands, Plaintiff's apparent allegations are disjointed and confusing and do not describe any interactions with Defendant Youngsmith. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (stating that a complaint must give the defendant fair notice of what the plaintiff's claim is); *McHenry*, 84 F.3d at 1179 ("Prolix, confusing complaints impose unfair burdens on litigants and judges").

Plaintiff's complaint fails to allege or provide any concrete details as to the "when" and the "where" any events, incidents, and encounters with Defendant Youngsmith, including any claims pursuant to 42 U.S.C. § 1983. Moreover, the bare minimum of factual allegations in the complaint are disjointed, making it difficult to ascertain what facts pertain to any claims or cause of action directed at Defendant Youngsmith. The complaint contains no concrete allegations against Defendant Youngsmith and does not provide sufficient allegations in support any of the purported causes of action. The currently pled complaint consists of only statutes and legal conclusions that fails to provide "fair notice" of both the particular claim being alleged and the grounds upon which the particular claim rests.

Here, the nearly 300-page complaint is devoid of any factual allegation whatsoever that supports any of the claim allegation against Defendant Youngsmith. In fact, Defendant

1  Youngsmith is only mentioned once. There is no attempt to demonstrate any behaviors or actions
2  taken by Defendant Youngsmith on any matter. As such, the complaint does not provide
3  sufficient notice nor satisfy the Rule 8 pleading requirements.

4  **V.   THE COMPLAINT'S CITED FEDERAL STATUTES AND REGULATION DO NOT AUTHORIZE A PRIVATE RIGHT OF ACTION AGAINST DEFENDANT YOUNGSMITH.**
5

6  "In *Cort v. Ash*, 422 U.S. 66, 79-80, 95 S.Ct. 2080, 45 L. Ed. 2d 26 (1975), the U.S.
7  Supreme Court held that 'a bare criminal statute, with absolutely no indication that civil
8  enforcement of any kind was available to anyone' does not provide an implied cause of action
9  which may be pled by a civil litigant, noting that to permit civil litigants to base their actions upon
10 criminal statutes which do not explicitly provide for civil causes of action 'is to find an implied
11 civil right of action for every individual, social, or public interest which might be invaded by
12 violation of any criminal statute.'" *Gordon v. BAC Home Loans Servicing*, No. CV-10-5140-LRS,
13 2011 U.S. Dist. LEXIS 46654, at *4-6 (E.D. Wash. Apr. 25, 2011)

14 Here, the main body of the complaint alleges several criminal statutes. Plaintiff appears to
15 allege civil liability pursuant to 18 U.S.C. §§ 3, 4, & 2382, none which provide a private civil
16 cause of action. The exhibit portion of the complaint also alleges numerous criminal statutes,
17 evidence by the title of the documents, "Criminal Complaint Notice of Felony." While none of
18 these documents name Defendant Youngsmith, none of the cited criminal statutes confer a private
19 civil cause of action. Thus, because the statutory language does not contain an express civil cause
20 of action, and the Supreme Court has made clear that courts are not to read implied civil causes of
21 action into criminal statutes, there are no cognizable actions against Defendant Youngsmith from
22 the cited criminal statutes.

23 Similarly, the cited regulation and statute do not provide a private right of action. 5 C.F.R.
24 2635.101 (referred to in complaint as 2 C.F.R. 2635.101) merely establishes general principles of
25 public service. 36 U.S.C. § 70503(c) sets out disqualification from being a member, director, or
26 officer of the National Council of the Federal Bar Association. The plain language of either
27 regulation or statutes does not confer the right to a private action. The complaint does not cite any
28 factual allegations that Defendant Youngsmith is a federal employee or associated with the

National Council of the Federal Bar Association.

Finally, none of the cited statutes are in any way applicable to Defendant Youngsmith.

### VI. ANY STATE LAW CAUSE OF ACTION IS BARRED BECAUSE PLAINTIFF DID NOT PRESENT A TIMELY CALIFORNIA GOVERNMENT CLAIM.

Although state law does not apply to Plaintiff's federal claims, state law, including "state-imposed procedural conditions to sue," applies to their state tort claims. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). The California Government Claims Act (Act) established uniform procedures for claims against public entities and public employees. Cal. Gov't Code §§ 810-996.6. The Act requires presentation of a claim for "money or damage" to a public entity as a prerequisite for damages litigation against the public entity or its employees. Cal. Gov't Code, § 905.2. The failure to present a proper and timely claim is fatal to the cause of action. *City of San Jose v. Superior Court* 12 Cal.3d 447, 454 (1974). To be timely, a claim must be presented to the public entity within six months of the accrual of the alleged cause of action. Cal. Gov't Code § 911.2(a).

Plaintiff appears to allege a state law common law cause of action for "gross negligence." First, the complaint does not allege that Plaintiff met the government claims requirement prior to filing of the complaint. Second, there is no record of the California Government Claims program receiving a California government claim from plaintiff. Therefore, because plaintiff failed to timely present the required California government claim for money damages arising from Defendant Youngsmith's alleged conduct, any state law cause of action is barred.

### VII. THE COMPLAINT FAILS TO STATE ANY FACTS TO WARRANT IMPOSITION OF PUNITIVE DAMAGES.

Section 3294 of the California Civil Code (Section 3294) generally provides for punitive damages "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." *Freeman v. Stater Bros. Mkts., Inc.*, No. EDCV 24-1604-KK-MAAx, 2024 U.S. Dist. LEXIS 215541, at *14 (C.D. Cal. Nov. 26, 2024)

Additionally, a plaintiff may recover punitive damages against an individual defendant under Section 1983 upon showing a "defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005).

The complaint fails to allege *any* specific facts demonstrating that Defendant Youngsmith conduct was oppressive, fraudulent, or with malice or evil intent that may justify the imposition of punitive damages. As such, the complaint fails to establish any facts to support an imposition of punitive damages against Defendant Youngsmith. Therefore, Defendant Youngsmith requests that plaintiff's apparent request for punitive damages be dismissed.

## CONCLUSION

The operative complaint fails the minimal requirements to state a cause of action and is lacking in any factual allegation against Defendant Youngsmith, including to support the imposition of punitive damages. Additionally, plaintiff failed to file required California government claim against Defendant Youngsmith, barring any state law claims. Therefore, Defendant Youngsmith respectfully requests that the motion to dismiss be granted.

Dated:  December 30, 2024               Respectfully submitted,

                                        ROB BONTA
                                        Attorney General of California
                                        CATHERINE WOODBRIDGE
                                        Supervising Deputy Attorney General

                                        */s/ Julio A. Hernandez*

                                        JULIO A. HERNANDEZ
                                        Deputy Attorney General
                                        *Attorneys for Defendant*
                                        *Jessica Youngsmith*

SA2024305225
38657496.docx

# CERTIFICATE OF SERVICE

**Case Name:** *Gamal Soloman v. Judge Barbara M. Scheper, et al.*
**Case No.** 2:24-cv-03408-DJC-AC

I hereby certify that on **December 30, 2024**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On **December 30, 2024**, I caused to be transmitted a true copy via electronic mail. In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

| | |
|---|---|
| Gamal Soloman<br>21200 Oxnard Avenue, #7085<br>Woodland Hills, CA 91367<br>**SERVED VIA MAIL ONLY**<br><br>*Plaintiff In Pro Per* | Rachel R. Davidson<br>United States Attorney's Office<br>Assistant United States Attorney<br>**SERVED VIA CM/ECF SYSTEM**<br><br>*Attorney for Defendants Federal Judges/Court Personnel* |
| Todd E. Chvat<br>T. Robert Finlay<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660<br>**SERVED VIA MAIL & EMAIL**<br>Email: tchvat@wrightlegal.net<br>Email: rfinlay@wrightlegal.net<br><br>*Attorneys for Defendant Todd E. Chvat* | Sanford Shatz<br>McGlinchey Stafford<br>18201 Von Karman Avenue, Suite 350<br>Irvine, CA 92612-1082<br>**SERVED VIA MAIL & EMAIL**<br>Email: sshatz@mcglinchey.com<br><br>*Attorney for Defendants Dhruv M. Sharma, Brian Andrew Paino, and Robert June-Yong Im* |

| | |
|---|---|
| Howard D. Hall<br>Kasandra C. Goldberg<br>Hall Griffin LLP<br>1851 East First Street, 10th Floor<br>Santa Ana, CA  92705-4054<br>***SERVED VIA MAIL & EMAIL***<br>Emails: hdhall@HallGriffin.com<br>            kgoldberg@hallgriffin.com<br><br>*Attorneys for Defendants Howard D. Hall, Esq. and Kasandra C. Goldberg, Esq.* | |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **December 30, 2024**, at Sacramento, California.

| | |
|---|---|
| Donna Kulczyk | */s/ Donna Kulczyk* |
| Declarant | Signature |