| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | GAMAL SOLOMAN, | No. 2:24-cv-3408 DJC AC |
| 12 | Plaintiff, | |
| 13 | v. | <u>ORDER</u> |
| 14 | JUDGE BARBARA M SCHEPER, et al., | |
| 15 | Defendants. | |

Plaintiff is proceeding in pro se; this case was removed from Sacramento County Superior Court on December 6, 2024. ECF No. 2.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Although plaintiff's 294-page complaint is in large part difficult to decipher, it is clear that this case arises from plaintiff's "Loss of residence/home located" in Woodland Hills, California, 91367, which is located in Los Angeles County. ECF No. 1-1 at 288. In a motion to dismiss, the

federal defendants explain as follows:

> The defendants are individuals and entities who were purportedly involved with and/or ruled against Soloman in various judicial proceedings relating to the sale of his Woodland Hills residence. Soloman previously filed a partition lawsuit in Orange County Superior Court in which he challenged the sale of his Woodland Hills residence. Solomon subsequently filed a 42 U.S.C § 1983 action relating to the court-ordered sale of his former residence against multiple defendants including, Los Angeles County Sheriff Alex Villanueva and Deputy Sheriff Donald Steele, Berkshire Hathaway HomeServices California Properties and Berkshire Hathaway listing agent Ellen Model.
>
> On September 2, 2022, United States Magistrate Judge Karen Scott issued findings and recommendations to dismiss Soloman's §1983 action with prejudice, which were adopted in full, by the district court judge. See Soloman v. Villanueva, et al, case No. 2:21-cv-07722-JLS-KES; 2022 WL 17078652 (C.D. Cal Sept. 2, 2022). Solomon appealed to the Ninth Circuit and the Ninth Circuit affirmed in an unpublished decision from a three-judge panel consisting of Ninth Circuit Judges Johnnie B. Rawlinson, Daniel P. Collins, and Sidney R. Thomas. See Soloman v. Villanueva, et al, Ninth Cir. Appeal No. 22-56106 and 2024 WL 3949074 (9th Cir. Aug. 20, 2024). Defendant Molly Dwyer is the Ninth Circuit Clerk of Court and Grace Santos is a Ninth Circuit Deputy Clerk.
>
> Soloman's allegations against the federal defendants are based exclusively on adverse rulings he received from the United States Magistrate Judge and the Ninth Circuit.

ECF No. 15-1 at 15-1.

Plaintiff's current address is listed as Woodland Hills, CA, 91376 in his complaint. ECF No. 1-1 at 2. It appears that all incidents giving rise to this case took place in Los Angeles County and/or Orange County, and that plaintiff still resides in Los Angeles County. The proper federal district court venue for Los Angeles County and Orange County is the United States Court for the Central District of California. Therefore, plaintiff's case should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

////

////

////

1       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
2 States District Court for the Central District of California.
3 DATED: March 5, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3